# In the United States Court of Federal Claims
No. 20-240C

(Filed: July 8, 2020)

| | |
|---|---|
| **NHIA TIMOTHY YANG,**  Plaintiff,  v.  **UNITED STATES,**  Defendant. | Military disability; injury suffered during Navy Seal training exercise; opposed motion for voluntary remand; application of *SKF USA* |

Matthew Moore, Latham & Watkins LLP, Washington, D.C., for plaintiff.  With him on the briefs were Erin Brown Jones, Holly K. Victorson, and Diane E. Ghrist, Latham & Watkins LLP, Washington, D.C., and Samantha R. Jackson, Latham & Watkins LLP, Chicago, IL.  Of counsel were Bart Stichman, Esther Leibfarth, and Rochelle Bobroff, National Veterans Legal Services Program, Washington, D.C.

Ioana Cristei, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  With her on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Martin F. Hockey, Jr., Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Of Counsel was Lieutenant Kevin R. Griffin, Litigation Attorney, United States Navy JAG Corps, Washington, D.C.

**OPINION AND ORDER**

Plaintiff, Nhia Timothy Yang, has alleged that he suffered disabling injuries during a Navy Seal training exercise and seeks benefits denied him by Navy boards.  *See generally* Compl., ECF No. 1.  Pending before the court is a motion from defendant, United States ("the government"), to remand the case to the Board for Correction of Naval Records ("BCNR") and stay the proceedings of the case pending the results of the remand.  *See generally* Def.'s Motion to Remand and Stay ("Def.'s Mot."), ECF No. 10.  Plaintiff opposes the motion, *see* Pl.'s Response to Def.'s Mot. ("Pl.'s Resp."), ECF No. 11, contending that a "remand would serve no just or useful purpose, would unduly prejudice [plaintiff,] Mr. Yang, and would allow the Navy to evade judicial review," *id.* at 1.  Following defendant's reply ("Def.'s Reply"), ECF No. 16, a hearing was held on this motion on June 18, 2020 and the motion is ready for disposition.

# BACKGROUND[1]

Mr. Yang, a former service member of the United States Navy (the "Navy"), has brought suit against the United States seeking reclassification of his service injury as one that "render[ed] him unfit to continue service," Compl. at 1, entitling him to various medical and other benefits under disability retirement from the Navy, *id.* Because the Navy found that plaintiff, despite his injuries, remained "fit for 'other military duties,'" plaintiff was denied disability retirement. Compl. ¶ 7 (quoting the decision of the Secretary of the Navy Council of Review Boards).

Plaintiff's injuries stem from his time in Navy Seal training. Compl. ¶ 1. During a training session in 2017, plaintiff was struck in the head by another trainee and fell eight feet onto a cement floor. Compl. ¶ 1. As a result, plaintiff suffered and continues to present with a traumatic brain injury ("TBI"), "a violent blow to the brain that can range from a concussion to permanent damage," and anosmia, *i.e.*, loss of smell. Compl. ¶ 3.[2] After extensive treatment and evaluation by Navy doctors, he was significantly limited in his duties and ultimately agreed that he was physically unable to continue serving in the military.[3] Plaintiff sought a ruling from the U.S. Navy Physical Evaluation Board (the "PEB") for medical retirement. Compl. ¶ 4.

An informal PEB concluded that plaintiff's anosmia rendered him unfit to serve based on his inability to smell chemicals or burning oil aboard a ship. *See* Compl. ¶ 4. The informal PEB, adopting the opinion of the Department of Veterans Affairs (the "VA"), rated plaintiff's anosmia a zero percent disability rating. Compl. ¶ 31. As for Mr. Yang's TBI, the informal PEB classified it as a Category II condition, Compl. ¶ 33, meaning an injury that contributes to an unfitting condition, *see* Compl. ¶ 32.[4] The informal PEB did not assign a disability rating for the TBI. Compl. ¶ 33.

---

[1]The following recitations do not constitute findings of fact by the court. Instead, the recited factual elements are taken from the complaint and the parties' briefs on the motion.

[2]Mr. Yang's injuries were severe and required extensive and intense medical care:

> [O]n October 12, 2017, another trainee struck [p]laintiff in the head during a training session. Plaintiff fell eight feet onto a cement floor and sustained a temporal bone fracture, bilateral frontal and temporal hematomas, small subdural and subarachnoid hemorrhages, and a TBI. . . . After the accident, [p]laintiff was taken to the University of California San Diego ("UCSD") Medical Center where he was placed in a medically induced coma for several days and received extensive inpatient and outpatient rehabilitation for several months.

Compl. ¶¶ 1, 2.

[3]Mr. Yang was medically separated from the Navy on September 27, 2019, and received severance pay but not medical retirement. *See* Compl. ¶ 5.

[4]The Navy classifies unfitting conditions in four categories: Category I refers to all unfitting conditions; Category II refers to those conditions that contribute to the unfitting

Mr. Yang then sought review of this informal PEB decision before a formal PEB. Compl. ¶ 34. The formal PEB affirmed the informal PEB's findings respecting plaintiff's anosmia. Compl. ¶ 37. The formal PEB, however, revised plaintiff's TBI to a lesser classification, a Category III condition, concluding that "[p]laintiff is cognitively fit for full duty." Compl. ¶ 38 (quoting the formal PEB's official decision) (internal quotations removed). Notably, the formal PEB did not address all three of the required criteria used to determine fitness for service in Department of Defense Instruction ("DODI") 1332.18. Instead, its decision relied only on the first criterion. *See* Compl. ¶ 42.[5]

Dissatisfied, plaintiff then filed a petition for rehearing of the formal PEB's findings with the Secretary of the Navy Council of Review Boards (the "Review Board"). Compl. ¶ 39. The Review Board affirmed the formal PEB's opinion in a one-page decision on May 21, 2019. Compl. ¶ 40. Plaintiff then appealed the Board's decision to this court on March 3, 2020, contending that "the Review Board's decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to law." Compl. ¶ 52. Defendant filed its motion for remand and stay on May 15, 2020.

**STANDARDS FOR DECISION**

When a government agency's action is reviewed by the courts, the government is permitted to seek remand for a number of reasons, including for the agency "to reconsider its decision because of intervening events outside of the agency's control," or "even in the absence of intervening events . . . without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001). The court has discretion to grant the government's request for a remand so long as the request is not "frivolous or in bad faith." *Bias v. United States*, 124 Fed. Cl. 663, 667 (2016) (quoting *SKF USA*, 254 F.3d at 1029). "[I]f the agency's concern is substantial and legitimate, a remand is usually appropriate." *SKF USA*, 254 F.3d at 1029. Notably, if the administrative record is inadequate in reviewing a claim for disability retirement benefits, the "court should remand the matter to the agency rather than develop a new record." *Alford v. United States*, 127 Fed. Cl. 345, 352 (2016) (citing *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009), *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985), and 28 U.S.C. § 1491(a)(2)). The court, however, should deny

---

condition; Category III refers to those conditions that are not separately unfitting and do not contribute to the unfitting condition; and Category IV refers to those conditions which do not constitute a physical disability. *See* Compl. ¶ 32. "Only Category I and Category II conditions are rated by the PEB." Compl. ¶ 32.

[5]DODI 1332.18 "sets forth the criteria governing when a service member should be found unfit for continued service due to disability." Def.'s Mot. at 2. These criteria establish that a service member will be considered unfit when "the evidence establishes that the member, due to disability, is unable to reasonably perform duties of his or her office, grade, rank, or rating." DODI 1332.18 (Appx. 2 to Enclosure 3) (Aug. 5, 2014). Further, a "[s]ervice member may also be considered unfit when the evidence establishes that: (1) [t]he [s]ervice member's disability represents a decided medical risk to the health of the member or to the welfare or safety of other members; or (2) [t]he [s]ervice member's disability imposes unreasonable requirements on the military to maintain or protect the [s]ervice member." *Id.*

remand if it "would not serve a useful purpose," *Martinez v. United States*, 333 F.3d 1295, 1310 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004), or if it "would unduly prejudice the non-moving party," *Utility Solid Waste Activities Grp. v. Environmental Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018) (citation omitted); *see also Keltner v. United States*, __ Fed. Cl. __, __, 2020 WL 2957175, at *5 (June 3, 2020) (denying a motion for voluntary remand based on *SKF USA* in a medical disability case).

## ANALYSIS

The government seeks a remand here to allow "the BCNR to have an opportunity, in the first instance, to review Mr. Yang's claims based on the second two criteria in the [DODI] 1332.18." Def.'s Reply at 2. Plaintiff does not dispute that the formal PEB did not directly address the second and third DODI criteria. Pl.'s Resp. at 3 ("The PEB made no explicit, written findings on the second and third D[O]DI 1332.18 criteria in finding Mr. Yang's TBI wholly fitting for further duty."). Because the opinions issued by the formal PEB and the Review Board failed to explicitly take account of the latter two DODI 1332.18 criteria, here, just as in *Alford*, "there is virtually no agency record for the court to review [on these factors], and in these circumstances a court should remand the matter to the agency rather than develop a new record." 127 Fed. Cl. at 352.

Plaintiff contends in response that the PEB "presumably considered [the DODI criteria in full] as a matter of course when finding Mr. Yang's TBI fitting." Pl.'s Resp. at 3 n.1. But therein lies the problem. The court cannot simply *presume*, whereas a remand would provide the court with a detailed record to consider, or the BCNR may provide Mr. Yang his desired relief, thus mooting this case. Contrary to plaintiff's assertion that to allow remand "would create a de facto requirement that any service members with legitimate claims of PEB or [Review Board] error must defer judicial review until after BCNR review," Pl.'s Resp. at 7, the court remands to the BCNR for it to apply DODI 1332.18 *in toto*, not in a truncated manner. This, in itself, is a "useful purpose" for remand. *Martinez*, 333 F.3d at 1310.

Plaintiff nonetheless contends that remand "unduly prejudices Mr. Yang and is not in the interests of justice," Pl.'s Resp. at 10 (heading) (capitalization removed), "because the [g]overnment refuses to formally admit error in its remand request," *id.*[6] Plaintiff avers that a

---

[6]Even so, by conceding that the formal PEB and Review Board had not addressed the second and third criteria of DODI 1332.18, the government virtually, but not directly, has confessed error. The following exchange at the hearing held on June 18, 2020, is indicative:

> The Court: [The Navy] really only addressed the first factor [in DODI 1332.18], is that correct, in any of the three proceedings?
>
> [Government counsel]: It did explicitly address the first factor, yes.
>
> The Court: Well, the Court is a little puzzled why the Navy hasn't confessed error in that circumstance. You haven't explicitly confessed error, but you have implicitly done so by acknowledging that the second and third factors of the

remand would delay resolution of his claim and "deprive[] him [of] his choice of forum." *Id.* The government, however, need not concede error to seek remand. *See SKF USA*, 254 F.3d at 1028. In the circumstances at hand, however, plaintiff's interest in avoiding unnecessary delay, *see* Pl.'s Resp. at 10-11 (citing *Arroyo v. United States*, 2013 WL 3808131, at *1 (Fed. Cl. July 19, 2013)), has merit. To avoid undue delay or prejudice, the court can specify procedural limitations for a remand. *See* Rule 52.2 of the Rules of the Court of Federal Claims ("RCFC"). Thus, the court will limit the remand to the BCNR to four months in duration. This timing constraint reflects plaintiff's representation that the factual record previously before the PEB should suffice for the BCNR's consideration of his claim. *See* 28 U.S.C. § 1491(a)(2) ("In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.").[7] On remand, the BCNR is directed to consider all three DODI 1332.18 criteria for fitness. In remanding the case, the court expresses no opinion as to the merits of Mr. Yang's claims.

## CONCLUSION

For the reasons stated, defendant's motion to remand and stay shall be GRANTED IN PART and DENIED IN PART. The court REMANDS the case for a period not to exceed four months to the Board for Correction of Naval Records, and this case is STAYED pending the results of the remand. The BCNR is directed to consider all three DODI 1332.18 criteria in deciding Mr. Yang's fitness, *vel non*, for service, and concurrently to rule on Mr. Yang's entitlement, *vel non*, for retirement disability. Defendant is instructed to submit a status report to the court on August 7, 2020, and every 30 days thereafter during the pendency of the remand to address the status of the proceedings at the BCNR.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

---

regulation were not actually explicitly or even carefully addressed by the three bodies.

[Government counsel]: And I think that's kind of the issue here, that we are not sure that the Navy didn't consider those factors. The record just isn't complete enough for the Court to make an assessment as to whether the Navy's decision making was arbitrary and capricious because there is no clearly written explanation as to those factors.

Hr'g Tr. 7:10 to 8:3 (June 18, 2020).

[7]Plaintiff has indicated that there is no new factual evidence for the BCNR to consider. *See* Pl.'s Resp. at 9 n.2.