# In the United States Court of Federal Claims

No. 20-240C

(Filed: September 17, 2021)

| | |
|---|---|
| **NHIA TIMOTHY YANG,** | Attorneys' fees; Equal Access to Justice Act; 28 U.S.C. § 2412; prevailing party; some attorneys' hours not reasonably expended |
| Plaintiff, | |
| v. | |
| **UNITED STATES,** | |
| Defendant. | |

Matthew Moore, Latham & Watkins LLP, Washington, D.C., for plaintiff.  With him on the briefs were Erin Brown Jones, Holly K. Victorson, and Diane E. Ghrist, Latham & Watkins LLP, Washington, D.C.  Of counsel were Bart Stichman, Esther Leibfarth, Rochelle Bobroff, and David Sonenshine, National Veterans Legal Services Program, Washington, D.C.

Ioana Cristei, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  With her on the briefs were Brian M. Boynton, Acting Assistant Attorney General, Civil Division, and Martin F. Hockey, Jr., Acting Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Of Counsel was Lieutenant Nathaniel Allen Bosiak, Litigation Attorney, United States Navy JAG Corps, Washington, D.C.

## OPINION AND ORDER

Pending before the court is plaintiff Nhia Timothy Yang's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* Pl.'s Motion for Attorneys' Fees, ECF. No 28 ("Pl.'s Mot.").  The United States ("the government") opposes Mr. Yang's motion, arguing that its "position was substantially justified" or alternatively that plaintiff is "not entitled to the entirety of the fees claimed because the amount requested is based on hours that were not reasonably expended."  Def.'s Resp. at 1, ECF No. 31.  Following Mr. Yang's reply, ECF No. 32, the motion is fully briefed and ready for disposition.  The court concludes that the government's position was not substantially justified but also that the government is correct that a number of claimed hours of time by Mr.Yang's attorneys were unreasonably expended and thus are not compensable.

# BACKGROUND[1]

Following a traumatic brain injury ("TBI") sustained during a training session, Mr. Yang sought a ruling from the U.S. Navy Physical Evaluation Board ("Evaluation Board") for medical retirement due to his injury and resulting anosmia (inability to smell).  Compl. ¶¶ 1-4, ECF No. 1.  An informal Evaluation Board classified Mr. Yang's anosmia a Category I unfitting condition with a zero percent disability rating; it classified his TBI as Category II contributing to an unfitting condition but did not assign a disability rating.  Compl. ¶¶ 30-33; Compl. Ex. H, ECF No. 1-9.  A subsequent formal Evaluation Board confirmed plaintiff's anosmia rating but revised his TBI classification to a Category III fitting condition.  Compl. ¶¶ 34-42; Compl., Ex. I, ECF No. 1-10.  The Evaluation Board relied upon Department of Defense Instruction ("DODI") number 1332.18—which "sets forth the criteria governing when a service member should be found unfit for continued service due to disability," Def.'s Resp. at 2—but did not make any explicit, written findings on the second and third DODI 1332.18 criteria, instead citing only the first criterion.  Compl. ¶ 42.[2]  Mr. Yang petitioned for rehearing of the formal Evaluation Board decision before the Secretary of the Navy Council of Review Boards ("Review Board"), Compl. ¶ 39, which affirmed the formal Evaluation Board's opinion in a brief decision, Compl. ¶ 40.  In September 2019, Mr. Yang "was medically separated from the Navy due to his anosmia," which he asserts left him without "continuing healthcare and other benefits that flow from being a disability retiree."  Pl.'s Mot. at 4.

Mr. Yang challenged the Review Board's decision in this court, contending that it "was arbitrary, capricious, unsupported by substantial evidence, and contrary to law because it failed to address, let alone assess, whether [p]laintiff's TBI rendered him unfit for continued service as a seaman under the second and third criteria of DoDI 1332.18."  Compl. ¶ 52.  The government moved to remand the case to the Board of Correction of Naval Records ("Board of Correction") and to stay the proceedings of the case pending the results of the remand.  See Def.'s Motion to Remand and Stay at 2, ECF No. 10 ("The [Review Board] denied Mr. Yang's claim for relief based upon the first DODI criterion, but did not address the second two criteria. . . .  [I]t is in the interests of justice for the [Board of Correction] to have an opportunity . . . to review Mr. Yang's claims under [these] second two criteria.").

Mr. Yang opposed the government's motion, urging the court to presume that in the absence of written findings the Evaluation Board must have considered all the DODI 1332.18

---

[1] The following recitations do not constitute findings of fact by the court.  Instead, the recited factual elements are taken from the prior proceedings and the parties' briefs on the motion.

[2] These criteria provide that a service member will be considered unfit when "the evidence establishes that the member, due to disability, is unable to reasonably perform duties of his or her office, grade, rank or rating."  DODI 1332.18 (Appx. 2 to Encl. 3) (Aug. 5, 2014).  Further, a "[s]ervice member may also be considered unfit when the evidence establishes that: (1) [t]he [s]ervice member's disability represents a decided medical risk to the health of the member or to the welfare or safety of other members; or (2) [t]he [s]ervice member's disability imposes unreasonable requirements on the military to maintain or protect the [s]ervice member."  Id.

criteria.  *See Yang v. United States*, 149 Fed. Cl. 277, 280 (2020).  The court nonetheless granted the motion to remand.  *Id.* ("The court cannot simply *presume*, whereas a remand would provide the court with a detailed record to consider, or the [Board of Correction] may provide Mr. Yang his desired relief, thus mooting this case.").  It found that "by conceding that the formal [Evaluation Board] and Review Board had not addressed the second and third criteria of DODI 1332.18, the government virtually, but not directly, [had] confessed error."  *Id.* at 280 n.6.  The court, therefore, ordered the Board of Correction "to consider all three DODI 1332.18 criteria in deciding Mr. Yang's fitness, *vel non*, for service, and concurrently to rule on Mr. Yang's entitlement, *vel non*, for retirement disability."  *Id.* at 281.

On remand, the Review Board issued an opinion to the Board of Correction advising it to deny Mr. Yang's petition for medical retirement.  Pl.'s Mot. at 6.  Not accepting that recommendation, the Board of Correction found "the existence of an error warranting . . . corrective action."  *Id.*, Ex. E at 5.  After weighing each of the criteria in DODI 1332.18, it concluded that "despite evidence that [Mr. Yang] could likely reasonably perform the duties of a [s]eaman under certain circumstances, his TBI condition represented a decided medical risk to [his] health and . . . would impose unreasonable requirements on the military to protect [him] from future injury."  *Id.*, Ex. E at 6.  The Board of Correction recommended that plaintiff's naval record be corrected to show that he had been placed on the Temporary Disability Retirement list for his TBI and anosmia effective as of September 28, 2019.  *Id.*

Thereafter, the court ruled "that as a result of the Navy's action on remand, plaintiff [had] received all the relief to which he [was] entitled under the complaint and [that] the complaint . . . be dismissed with prejudice."  Order of Apr. 7, 2021, ECF No. 26, 2021 WL 1304915.  After the judgment became final on June 6, 2021, Mr. Yang timely filed a motion for attorney's fees pursuant to 28 U.S.C. § 2412(d).  Pl.'s Mot. at 8.

## STANDARDS FOR DECISION

Congress enacted EAJA "'to eliminate the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government.'"  *Scarborough v. Principi*, 541 U.S. 401, 406 (2004) (quoting H.R. Rep. No. 96–1005, at 9 (1980)).  EAJA provides a means by which a qualifying party might receive reasonable attorneys' fees and related expenses and costs for prevailing in litigation involving the United States.  *Id.* at 406-07; *see also Commissioner, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 155 n.1 (1990).

"[E]ligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the [g]overnment's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) . . . that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement."  *Jean*, 496 U.S. at 158 (quoting 28 U.S.C. § 2412(d)).  Mr. Yang bears the burden of establishing that he meets these requirements except as to the second criterion; the government has the burden to show that its position was substantially justified.  *See White v. Nicholson*, 412 F.3d 1314, 1316 (Fed. Cir. 2005).  Additionally, as an individual, Mr. Yang must show that he had a net worth of less than $2,000,000 at the time the action was filed.  *See* 28

3

U.S.C. § 2412(d)(2)(B).  Finally, if the court determines that Mr. Yang is eligible for attorneys' fees under EAJA, the fees awarded must be "reasonable," 28 U.S.C. § 2412(b), and the court retains discretion to "reduce the amount to be awarded . . . to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy," 28 U.S.C. § 2412(d)(1)(C).

## ANALYSIS

Mr. Yang seeks attorneys' fees totaling $85,722, and $400 in filing costs, based on 406.4 hours of lawyers' time.  The government does not challenge Mr. Yang's assertions that he was a prevailing party, that no special circumstances exist that would render an award unjust, that his EAJA application was timely filed, or that he complies with the net worth restrictions and is thus a qualifying party for an EAJA award.  *See* Pl.'s Mot. at 9-10, 11-12; Def.'s Resp. at 1.[3]  The government does, however, argue that its position was substantially justified, or in the alternative, that Mr. Yang is not entitled to the entirety of the fees that he requests because some of his attorneys' hours were not reasonably expended.  Def.'s Resp. at 1.

### *A. Substantial Justification*

To demonstrate that its position was "substantially justified," the government must show that its position was "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In that respect, the court must determine "whether the government's overall position [both prior to and during the litigation] had a reasonable basis in both law and fact," *Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991); *see also Blakley v. United States*, 593 F.3d 1337, 1341 (Fed. Cir. 2010) ("In the context of EAJA claims, we have held that the 'position of the United States' in judicial proceedings refers to the United States' position 'throughout the dispute, including not only its litigating position but also the agency's administrative position.'" (quoting *Doty v. United States*, 71 F.3d 384, 386 (Fed. Cir. 1995))).  The government's position "can be justified even though it is incorrect." *Manno v. United States*, 48 Fed. Cl. 587, 589 (2001).  The inquiry is "not what the law now is, but what the [g]overnment was substantially justified in believing it to have been." *Loomis v. United States*, 74 Fed. Cl. 350, 355 (2006) (quoting *Pierce*, 487 U.S. at 561).  Substantial justification lies somewhere between winning the case and being "merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 566.

The government contends that its position had a reasonable basis in law because the second two criteria in DODI 1332.18 are "stated in permissive language . . . and do[] not require

---

[3] Mr. Yang argues that "when a case is remanded to an agency and the court retains jurisdiction, the plaintiff is a prevailing party if it succeeds before the agency." Pl.'s Mot. at 9 (brackets omitted) (quoting *Monroe v. United States*, 150 Fed. Cl. 786, 791 (2020)).  The court concurs.  Because the remand of plaintiff's case resulted in his placement on the Temporary Disability Retirement list, he has prevailed.  Moreover, Mr. Yang avers that there are no special circumstances that would make attorneys' fees unjust, that he filed his EAJA application on July 6, 2021 (within 30 days of the judgment in this case becoming final on June 6, 2021), and that he has a net worth of less than $2,000,000.  *Id.* at 8, 11-12.

4

that the Navy consider" them. Def.'s Resp. at 7. "Despite the [c]ourt's remand for the [Board of Correction] to consider these two criteria . . . to complete the record," the government avers that "there is in fact no requirement that these criteria be taken into consideration when making unfitness determinations." *Id.* at 6. The government also asserts that its position was factually reasonable because the Evaluation Board made "credibility determinations based on medical diagnoses and interviews with Mr. Yang" and because it "reviewed medical evidence from Mr. Yang's Command Master Chief at the Naval Special Warfare Center and evidence from the Naval Medical Center San Diego." *Id*. at 7.

The government's legal argument overlooks the basis for the court's ordering remand, where it explained that "by conceding that the formal [Evaluation Board] and Review Board had not addressed the second and third criteria of DODI 1332.18, the government virtually, but not directly, has confessed error." *Yang*, 149 Fed. Cl. at 280 n.6. By requesting remand, the government implicitly acknowledged error, and on remand, it did so explicitly when the Board of Correction found "the existence of an error warranting . . . corrective action." Pl.'s Mot., Ex. E at 5. The government's argument does not satisfy its burden where, rather than attempting to demonstrate the reasonableness of a justified but erroneous approach, it repeats the same reasoning that the court has already rejected. *See Favor TechConsulting, LLC v. United States*, 132 Fed. Cl. 292, 302-04 (2017) (discussing whether the novelty of the contested issue justified the government's erroneous approach and concluding it did not).

Moreover, while permissive language "usually implies some degree of discretion," this "is by no means invariable . . . and can be defeated . . . by obvious inferences from the structure and purpose of the" rule. *United States v. Rodgers*, 461 U.S. 677, 706 (1983) (citations omitted). In arguing that the second two DODI 1332.18 criteria may be ignored because they are permissive, the government emphasizes that the instruction states that a "[s]ervice member *may also be considered unfit* when . . . [the latter two criteria are satisfied]." Def.'s Resp. at 6 (emphasis added) (quoting DODI 1332.18). This language does imply discretion but that discretion may be abused in particular circumstances, as it was here. The structure of the instruction does not mean that the government has discretion entirely to put aside the latter portion of the instruction. It means instead that the government has discretion to reach a finding of fitness versus unfitness after considering the instruction *in full*. It would be an abuse of discretion for the government to fail to explain its reasoning, as it had in this instance. *Cf. ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1459 (10th Cir. 1995) ("A district court that does not exercise its discretion, or makes a decision without providing reasons, abuses that discretion.").

Factually, the government also ignores that "Mr. Yang's injuries were severe and required extensive and intense medical care." *Yang*, 149 Fed. Cl. at 278 n.2. Although the court previously did not make factual findings or definitively address the merits of Mr. Yang's complaint, the government concedes that "Mr. Yang sustained significant injuries to his head and was diagnosed with a traumatic brain injury (TBI) and resulting anosmia." Def.'s Resp. at 1. Further, the Board of Correction recognized that the government's prior position was unsupported when it determined that Mr. Yang's "TBI condition represented a decided medical risk to [his] health and . . . would impose unreasonable requirements on the military to protect [him] from future injury." Pl.'s Mot., Ex. E at 6. While the government's position need not be

correct, it cannot carry its burden to prove substantial justification simply by indicating that the prior administrative decisions had drawn upon medical evidence, especially given the qualified nature of the earlier resulting fitness conclusions.

Therefore, the court determines that the government's position, both before and during litigation, was not substantially justified.

### B. Reasonableness of Requested Attorneys' Fees

Mr. Yang qualifies for a fee award, but "[i]t remains for the [trial] court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("Similarly, once a private litigant has met the multiple conditions for eligibility for EAJA fees, the [trial] court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). Generally, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," but this "does not end the inquiry. There remain other considerations that may lead the [trial] court to adjust the fee upward or downward." *Hensley*, 461 U.S. at 433-34.

EAJA caps the reasonable hourly rate at "$125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Mr. Yang proposes a cost-of-living adjustment from $125 per hour to $210.93 per hour "based on the increase in the cost of living since EAJA was amended in March 1996" to the mid-point of litigation in July 2020. Pl.'s Mot. at 12-13 (citing *id.*, Ex. I (Bureau of Labor Statistics Data, CPI-U) and *id.*, Ex. J (USAO Attorney's Fee Matrix—2015-2019)). The government "do[es] not take issue with the EAJA rate cap [Mr. Yang] used to calculate the fees." Def.'s Resp. at 9. The court finds the proposed cost-of-living adjustment to be reasonable considering Mr. Yang's documentary support and the government's assent.

Even so, the court's discretion to reduce fees remains "significant." *Starry Assocs., Inc. v. United States*, 892 F.3d 1372, 1382 (Fed. Cir. 2018). In that respect, § 2412(d)(2)(D) provides that "fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings." The salient questions before the court are whether the hours submitted in Mr. Yang's motion for attorneys' fees are reasonable and whether any of Mr. Yang's litigation positions "unreasonably protracted the proceedings."

When considering the reasonableness of the number of hours submitted, a threshold inquiry is whether Mr. Yang has provided sufficient documentation. *See Haggart v. United States*, 149 Fed. Cl. 651, 664 (2020) (finding that the party had "produced extensive documentation of the attendant fees and costs" where "[t]he time report provided identifies the timekeeper performing each task, describes the tasks performed, and sets forth each timekeeper's hourly rate and the amount of time expended"). A subsidiary consideration is evidence that counsel exercised billing judgment. *Id.* ("Exercising billing judgment, the firm eliminated hours it considered excessive, redundant, or duplicative."); *see also Hensley*, 461 U.S. at 437 ("The applicant should exercise 'billing judgment' with respect to hours worked and should maintain

6

billing time records in a manner that will enable a reviewing court to identify distinct claims." (internal citation omitted)).

Plaintiff provides documentation that accounts for 366 hours by attorneys with Latham and Watkins, as well as 40.4 hours by attorneys at the National Veterans Legal Service Program ("NVLSP"). As in *Haggart*, the documentation is sufficiently detailed to enable the court to determine the reasonableness of the requested fees, but that documentary record shows that some entries are inappropriate for award. *See Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987) ("[E]xpenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court . . . cannot be awarded under the EAJA.").

The court identified 16.8 hours of Latham and Watkins entries that describe both related and unrelated work, such as reviewing the underlying Evaluation Board decision but also drafting a pro bono authorization letter. *See* Pl.'s Mot., Ex. G, ECF No. 28-7. Where it is impossible for the court to know how much of the work described in these entries was not reimbursable, the court exercises its discretion to reduce such entries by 50%. *E.g.*, *Information Scis. Corp. v. United States*, 88 Fed. Cl. 626, 634-35 (2009). These Latham and Watkins hours are, therefore, reduced by 8.4 hours.

The government contends that plaintiff's requested fees should be reduced by 165.4 hours (149.6 for Latham and Watkins and 15.8 for NVLSP) for hours that were spent on administrative work or that were redundant. Def.'s Resp. at 9-12. Mr. Yang replies that the claimed 103.4 hours in fees spent drafting the complaint were reasonable because they were necessary to "develop[] case strategy" and to "come up to speed on the complex, two-year medical and legal history of" the case. Pl.'s Reply at 9.

While not all of the challenged hours concern the complaint, the court observes that 44.8 hours spent drafting the complaint took place before Latham and Watkins attorneys sent what plaintiff described as a final draft to NVLSP, which resulted in another 52.4 hours of work on the complaint. The court will exercise its discretion to reduce what is evidently unproductive work. An applicant for EAJA fees has a duty to exercise billing judgment to remove excessive or redundant hours, and that duty extends to demonstrating to the court how that billing judgment was exercised. *See Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."). Plaintiff fails to carry that burden. Moreover, Mr. Yang's reply fails to make any argument as to how the government's challenged "administrative" hours are in fact reimbursable. Those hours relate to conflict clearances and time spent on deciding whether to represent Mr. Yang, not actual work on his claims.[4] The court, therefore, reduces Mr. Yang's application by 139.2 hours for Latham and Watkins (149.6 hours identified by the government as

---

[4] The court additionally reduces the awardable time by 1.9 hours for Latham and Watkins and 1.0 hour for NVLSP because they have no direct relevance to Mr. Yang's case (respectively, working on a different case and assisting Mr. Yang navigate the process for obtaining his new benefits). *See* Pl.'s Mot, Exs. G & H. After reviewing each entry that the government challenges, the court has, however, identified 10.4 hours among the challenged entries by Latham and Watkins that are reasonably expended.

unproductive, redundant, or administrative, minus 10.4 hours identified by the court as reasonable) and by 15.8 hours for NVLSP.

The question also arises whether plaintiff "unreasonably protract[ed] the proceedings." *See, e.g.*, *Information Scis. Corp.*, 88 Fed. Cl. at 635 (eliminating requested fees related to a motion to strike that "did not contribute to [the party's] success"). Notably, Mr. Yang opposed the government's request to remand his case to the Board of Correction. That opposition was largely unfounded, *see Yang*, 149 Fed. Cl. at 280, and could by itself constitute a basis to deny an application for attorney's fees under the bar of § 2412(d)(1)(A) for "special circumstances." *See, e.g.*, *McKay v. Barnhart*, 327 F. Supp. 2d 263, 268-69 (S.D.N.Y. 2004). The court, however, is persuaded by the government's alternative position, *i.e.*, that the court should reduce fees for time spent opposing the remand request by 50 percent. *See* Def.'s Resp. at 12. Thus, 63.6 hours for Latham and Watkins and 7.1 hours for NVLSP are reduced by 31.8 and 3.55 hours respectively.

In the final analysis, the court reduces the total number of Mr. Yang's requested hours (406.4) by 201.65 hours (181.3 from Latham and Watkins' total hours and 20.35 from NVLSP's total hours). The difference, 204.75 hours, was reasonably spent pursuing the litigation (184.7 hours for Latham and Watkins and 20.05 hours for NVLSP). Those hours are awarded at the EAJA-adjusted rates of $210.93, as previously specified.

## CONCLUSION

For the reasons stated, plaintiff's motion is GRANTED IN PART. The court awards Mr. Yang $43,187.92 in attorneys' fees, as well as $400.00 in costs.

The Clerk is directed to enter judgment in accord with this disposition.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge